DOMENGEAUX, Chief Judge.
Adam Thierry filed this worker’s compensation suit against his employer, Bran- *1313 nagan Refractory Sales, Inc., and its insurer, U.S. Fire Insurance Co., after sustaining an injury to his knee during the course and scope of his employment. The trial judge determined that Thierry was entitled to supplemental earnings benefits in accordance with La.R.S. 23:1221(3) and benefits were awarded based on Thierry’s wages of $3.50 an hour as a cook at McDonald’s at the time of trial. Defendants appealed the award of supplemental earnings benefits, arguing that Thierry is not presently earning as much as he is able to earn. We disagree.
The trial testimony reveals that Thierry suffers from a five percent functional impairment to the left leg and is restrained from kneeling, squatting, crawling, or climbing for extended periods. Thierry has a high school education and completed a two year vocational course in industrial electronics. His work experience, however, is primarily in the construction industry; his only experience in the electronics field was with a retail electronic store earning $3.75 an hour.
La.R.S. 23:1221(3)(a) provides for supplemental earnings benefits “for injury resulting in the employee’s inability to earn wages equal to ninety per cent or more of wages at time of injury.” Defendants contend that Thierry is not entitled to supplemental earnings benefits because he could earn higher wages in the electronics industry than he is earning at McDonald’s. Defendants offered the testimony of a vocational rehabilitation expert who conducted a labor market survey of jobs available to one with Thierry’s academic background and physical restrictions. First, we note that the starting salary of each job discussed by the expert was less than ninety percent of Thierry’s wages at the time of his accident. Second, we must point out that the expert admitted his own unfamiliarity with the medical deposition testimony offered at trial and was therefore unable to specifically characterize the nature of Thierry’s disability to potential employers. Finally, some of the jobs discussed by the expert were not necessarily available positions; rather, the employers were merely “accepting applications.”
This case is similar to the recent case of Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989), in which the Supreme Court articulated an employer’s burden of proof under La.R.S. 23:1221(3)(c)(i):
The most logical interpretation of this provision is that the employer, if he wishes to contend that the employee is earning less than he is able to earn, bears the burden of proving that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer’s community or reasonable geographic region.
545 So.2d at 1008, 1009. The defendants in Daigle proved that the plaintiff was earning “less than he is able to earn,” and the case was remanded for a proper calculation of supplemental earnings benefits in light of the vocational rehabilitation expert testimony and the plaintiff’s actual wages prior to trial.
Conversely, in the case before us, the defendants have not met their burden of proof; they did not prove that Thierry is physically able to perform a certain job and that such a job was available to Thierry. We will therefore affirm the judgment of the trial court.
DECREE
For the foregoing reasons, the judgment of the trial court in favor of Adam Thierry is affirmed. Costs of this appeal are assessed to defendants, Brannagan Refractory Sales, Inc. and U.S. Fire Insurance Co.
AFFIRMED.