572 So.2d 319 (1990)
Joseph Lonnie KENNEDY, Plaintiff-Appellee,
v.
COMMERCIAL UNION INSURANCE COMPANY and Gomer Tire Services, Defendants-Appellants.
No. 89-682.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1990.
*320 Felix A. DeJean, III, Michael K. Leger, Opelousas, for plaintiff-appellee.
Plauche, Smith & Nieset (Christopher P. Ieyoub), Lake Charles, for defendants-appellants.
Before DOMENGEAUX, C.J., and DOUCET and KNOLL, JJ.
DOMENGEAUX, Chief Judge.
Commercial Union Insurance Company and Gomer Tire Services appeal a trial court judgment awarding Joseph Lonnie Kennedy $661.68 a month in supplemental earnings benefits. On appeal, defendants do not contest Kennedy's entitlement to SEB payments. Rather, they argue his benefits should have been calculated at only $76.98 a week, this figure representing 66 2/3 percent of the difference between Kennedy's wages at the time of injury and wages which defendants contend Kennedy is presently able to earn. Kennedy also appeals, seeking penalties and attorney's fees.

FACTS
Kennedy sustained a work related back injury on August 13, 1986. He was treated conservatively by Dr. A.B. Flick, an orthopedic surgeon, who diagnosed his condition as lumbosacral strain, with chronic pain. On August 18, 1988, Dr. Flick released Kennedy to light duty work, finding he had reached his maximum medical improvement. Kennedy has not worked since the date of the accident.
Defendants employed Mr. George Poleman, a job placement counselor, to assist Kennedy in finding suitable employment. Kennedy, a resident of Eunice, has a third grade education and cannot read or write. His work history consists entirely of manual labor.
Poleman testified he entered Kennedy's physical restrictions and mental capabilities into a computer system which provides information on employment possibilities for claimants. The computer compiled a list of 28 potential employers. From this list, only one employer, Red Carpet Vending in Lafayette, agreed to interview Kennedy. Poleman testified the remaining employers either did not have an available position or were nonexistent. He did not state how many of these potential employers were no longer in operation.
*321 The position at Red Carpet Vending involved the construction of cardboard candy trays and paid between $125.00 and $150.00 a week. Kennedy was never interviewed for the position because a representative from Red Carpet Vending declined to pursue the matter after he received a letter from Kennedy's attorney containing information about Kennedy's back injury. Thereafter, Poleman made no further attempts to find a job for Kennedy, at Commercial Union's request.
Commercial Union had been paying Kennedy temporary total disability benefits from the date of his accident. On August 11, 1988, it reduced Kennedy's compensation to SEB payments of $76.98 per week based upon the salary of the Red Carpet Vending position.

SUPPLEMENTAL EARNINGS BENEFITS
To qualify for SEB, a claimant must prove by a preponderance of the evidence that a work related injury resulted in his inability to earn wages equal to 90% or more of his wages at the time of injury. La.R.S. 23:1221(3)(a); Clark v. Welex, a Halliburton Company, 517 So.2d 1186 (La.App. 3d Cir.1988), writ denied, 521 So.2d 1170 (La.1988). Once the claimant has met this threshold requirement, benefits are then calculated at "sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn...." La.R.S. 23:1221(3)(a).
If the employee is not employed or self-employed or is earning less than he is able to earn, the employer must then show the employee is physically capable of performing employment which is offered or available. La.R.S. 23:1221(3)(c)(i); Culotta v. Great Atlantic & Pacific Tea Company, 524 So.2d 259 (La.App. 5th Cir.1988), writ denied, 530 So.2d 88 (La.1988).
In Daigle v. Sherwin-Williams Company, 545 So.2d 1005 (La.1989), the Louisiana Supreme Court defined the employer's burden under La.R.S. 23:1221(3)(c)(i) as follows:
The most logical interpretation of this provision is that the employer, if he wishes to contend that the employee is earning less than he is able to earn, bears the burden of proving that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer's community or reasonable geographic area. (Emphasis added.)
545 So.2d at 1008, 1009. See also Thierry v. Brannagan Refractory Sales, Inc., 563 So.2d 1312 (La.App. 3d Cir.1990).
Commercial Union contends it met this burden when Poleman located the position at Red Carpet Vending. We disagree. For the following reasons, we find defendants did not prove Kennedy was a suitable candidate for this particular job, nor did they prove the availability of any other employment that Kennedy was capable of performing.[1]
First, we note that Poleman testified he did not personally inform Red Carpet Vending about plaintiff's physical and mental restrictions. That was done by his business partner, Mr. John Wingo, who was not present at trial. Poleman admitted his file did not indicate what restrictions were described to the employer. Hence, we do not know if the restrictions related to Red Carpet Vending differ from those contained in the letter from plaintiff's counsel, which ultimately dissuaded the company from interviewing plaintiff.
Second, there was some confusion as to whether Kennedy's inability to read and write was considered in assessing his employment *322 possibilities. At his initial interview with Kennedy, Poleman made the notation, "3rd gradewent about 3 weeks in 8th grade." At trial, Poleman testified he cannot determine from this report whether Kennedy had a third grade or an eighth grade education. In a later report, Poleman stated, "he completed 3rd grade and has no other significant training." However, this report does not mention that Kennedy is illiterate, and Poleman does not recall if he entered this fact in his computer system. Ms. Lorenza Eschete, a vocational rehabilitation counselor also employed by Commercial Union, testified that, from the reports she received, she believed Kennedy could read and write. For the importance of determining whether a claimant is literate, see our recent decision in Arriaga v. Reliance Insurance Company of Illinois, 564 So.2d 832 (La.App. 3d Cir. 1990).
Finally, the record contains no information regarding the availability of other jobs within a reasonable geographic area that Kennedy could perform. After the situation with Red Carpet Vending, Commercial Union instructed Poleman to stop his efforts on behalf of Kennedy. Ms. Eschete testified she did not perform a job market survey, she was unfamiliar with the labor market in this area and she did not know what positions were currently available.
Based upon the above, we must agree with the trial judge that the defendants did not meet their burden under La.R.S. 23:1221(3)(c)(i). We find no error in the trial court's calculation of plaintiff's SEB payments.

PENALTIES AND ATTORNEY'S FEES
Kennedy contends the trial court erred in failing to award penalties and attorney's fees under La.R.S. 23:1201(E) and 23:1201.2.
To avoid an award of penalties, the employer must show that nonpayment resulted from conditions over which it or the insurer had no control, or that it, or the insurer, has reasonably controverted the employee's right to benefits. Claimants are entitled to reasonable attorney's fees when an employer, if uninsured, or the employer's worker's compensation insurer arbitrarily, capriciously, or without probable cause discontinues benefits.
In his report to Commercial Union identifying Red Carpet Vending as a potential employer, Poleman also stated, "There is a possibility we can identify one or two additional employment opportunities for Mr. Kennedy." Yet, Commercial Union instructed Poleman not to pursue these possibilities even though the Red Carpet position fell through. In this case, the insurer initially took appropriate steps by hiring experts such as Mr. Poleman and Ms. Eschete, but it did not follow through when the information produced by these experts was not as favorable as originally expected. We do not view this case, as did the trial judge, as one involving a simple miscalculation of benefits. Rather, the insurer chose to reduce benefits prematurely and without reasonable grounds therefor. Considering the above, we also find the insurer's conduct arbitrary and capricious under La.R.S. 23:1201.2.
When an employer has a compensation insurer, only the insurer may be cast with attorney's fees. Fontenot v. T.L. James and Company, Inc., 563 So.2d 909 (La.App. 3d Cir.1990).
For the above and foregoing reasons, that portion of the trial court judgment awarding plaintiff supplemental earnings benefits at $661.68 per month from August 11, 1988, with legal interest on all payments from the date due, subject to a credit of $2,386.38, is affirmed. That portion of the judgment denying plaintiff's claims for penalties and attorney's fees is reversed. Gomer Tire Services and Commercial Union Insurance Company are cast with penalties pursuant to La.R.S. 23:1201(E), with legal interest from date of judicial demand until paid, and with all costs of this appeal. Commercial Union Insurance Company is further cast with attorney's fees in the amount of $5,000.00, with legal interest from date of judicial demand until paid, which sum is for legal services, both at trial and on appeal.
*323 AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] If Kennedy did qualify and was accepted for this position, he would have faced a 40 to 50 mile drive, one way, from his home in Eunice to Lafayette. Because of our holding herein, we do not reach the question of whether this would be "in the employee's or employer's community or reasonable geographic region" under La.R.S. 23:1221(3)(c)(i). We only note that it does not seem reasonable to expect a man suffering from chronic back pain to drive 80 to 100 miles a day for a job that only pays $125.00$150.00 a week.