I,WILLIAMS, Judge.
In this action to enforce payment of a promissory note, the defendants, Kenneth and Vicki Pepper, appeal the trial court’s summary judgment rendered in favor of the plaintiff, Winnsboro State Bank & Trust. Noting that the judgment constitutes an uncertified partial final judgment pursuant to LSA-C.C.P. art.1915, we dismiss the appeal without prejudice.
On February 29, 1996, the defendants executed a promissory note for the amount of $60,035 in favor of the plaintiff. In order to secure payment of the promissory note, the defendants also executed two collateral mortgage notes and granted the plaintiff a continuing security interest in their commercial equipment. Following the alleged default by defendants, the plaintiff filed this action seeking collection of the promissory note and recognition of its security interest.
In their answer, the defendants denied the obligation claimed by plaintiff and asserted several affirmative defenses, including duress, error, and fraud as to the cause of the obligation. By reconventional demand, the defendants alleged they were entitled to damages caused by the plaintiffs acts of misrepresentation which deceived the defendants into signing various security documents.
The defendants incorporated by reference the allegations stated in their recon-ventional demand filed in the case with docket number 32,228, which was an action previously filed by plaintiff seeking enforcement of a separate promissory note executed by Vicki Pepper d/b/a Crowville and Kenneth Pepper. The reconventional demand filed in case number 32,228 was not included in the present record. In April 1998, the district court consolidated these two cases.
*213 Subsequently, the plaintiff filed a motion for summary judgment concerning its demand based on the promissory note at issue in the present case. After taking this matter under advisement, the district court rendered summary judgment in favor of the plaintiff and against the defendants, in the amount of $65,286, with | ^interest and attorney fees. However, the district court’s judgment does not refer to the defendants’ reconventional demand, and thus does not dispose of all of the claims presented to the court.
LSA-C.C.P. art.1915 provides that a final judgment may be rendered and signed by the court, even though it may not adjudicate all of the issues in the case, when the court grants a motion for summary judgment. However, when a court renders a partial judgment as to less than all of the claims, demands or issues, whether in an original or reconventional demand, the judgment shall not be considered final unless designated as a final judgment by the court after an express determination that there is no just reason for delay. LSA-C.C.P. art. 1915(B)(1). In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims shall not constitute a final judgment for the purpose of an immediate appeal. LSA-C.C.P. art. 1915(B)(2).
In the present case, although the district court refers, in its written reasons for judgment, to the defendants’ reconven-tional demand, the judgment does not contain a disposition of defendants’ claims. Pursuant to Article 1915(B), such a partial judgment is not a final judgment for the purpose of an immediate appeal unless so designated by the district court after an express determination that there is no just reason for delay. Banks v. State Farm Ins. Co., 30,868 (La.App.2d Cir.3/5/98), 708 So.2d 523. The record does not contain the requisite express determination and designation, or certification, by the district court. Consequently, this partial judgment cannot constitute a final judgment for the purpose of an immediate appeal. Therefore, this appeal is hereby dismissed without prejudice at the appellants’ costs.
APPEAL DISMISSED WITHOUT PREJUDICE.