760 So.2d 603 (2000)
Larry Tyrone BRANTLEY and Ellen Roberson Brantley, Plaintiffs-appellants,
v.
STATE FARM INSURANCE COMPANY, Defendant-appellee.
No. 33,386-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 2000.
James Sharp, Jr., Monroe, Counsel for Appellants.
Crawford & Anzelmo by Brian E. Crawford and K. Douglas Wheeler, Monroe, Counsel for Appellee.
Before GASKINS, CARAWAY and DREW, JJ.
CARAWAY, J.
The trial court granted defendant-insurer's partial summary judgment, dismissing a claim for fire damage to plaintiffs' rental property. An additional claim for the insurer's failure to pay policy benefits for prior tenant damage to the property remains unadjudicated in the trial court. Finding a significant relationship between the two claims and the parties' failure to obtain certification of this partial summary judgment for our review, we dismiss this appeal and remand to the district court.

Facts
Plaintiffs, Larry and Ellen Brantley (the "Brantleys"), owned a house at 1606 Oaklawn *604 Drive in Monroe, Louisiana. The home was primarily used as rental property and was insured with the defendant, State Farm Fire and Casualty Company ("State Farm"). In the spring of 1996, the property was seized pursuant to a foreclosure action against the Brantleys.
A fire occurred on June 23, 1996, three days before the sheriffs sale. After the fire, the Brantleys submitted a claim to State Farm. An initial investigation revealed that the fire was probably intentionally set. State Farm claims that its representatives made numerous attempts to contact the Brantleys, and that the Brantleys failed to cooperate with its investigation of the fire. State Farm closed the Brantleys' claim file on December 3, 1996 due to lack of cooperation and lack of information to process the claim.
The Brantleys filed suit on May 30, 1997, alleging that State Farm failed to pay the fire damage claim (hereinafter referred to as the "Fire Damage Claim"). In an amended petition, the Brantleys also included a claim for monies due for damages done to the house by tenants prior to the June 23, 1996 fire (hereinafter referred to as the "Tenant Damage Claim").
Following various procedural skirmishes before three different district court judges, State Farm was successful in May 1999 in obtaining a partial summary judgment dismissing the Brantleys' Fire Damage Claim. The trial court ruled that the Brantleys failed to cooperate with State Farm's investigation as required by the policy, and that prior to the fire, the Brantleys had abandoned the property as a result of the sheriffs seizure of the property in contravention of the terms and conditions of the policy.
Despite the fact that the trial court did not certify this partial judgment as final pursuant to La. C.C.P. art. 1915(B),[1] the Brantleys instituted this appeal. Because of the relationship between the adjudicated and unadjudicated claims under the disputed insurance policy, we now dismiss this appeal and remand to the trial court for further proceedings.

Discussion
After the 1997 amendment to Article 1915 of the Code of Civil Procedure which allowed for the certification for appeal of certain partial judgments of the trial court, this court in Banks v. State Farm Insurance Company, 30,868 (La.App.2d Cir.3/5/98), 708 So.2d 523, set forth various considerations which must be reviewed before such appeals become appropriate. Article 1915 cautions the trial court upon the rendition of such partial judgment at a preliminary stage of the proceedings that "any such order or decision issued may be revised at any time prior to the rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties." La. C.C.P. art. 1915(B)(2). The court in Banks stated:
... partial judgments should be certified only after a case-by-case consideration of the judicial administrative interests and equities involved. See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). The trial court may consider the guiding factors listed in Allis-Chalmers *605 Corp. v. Philadelphia Electric Co., 521 F.2d 360 (3d Cir.1975):
(1) The relationship between the adjudicated and unadjudicated claims;
(2) The possibility that the need for review might or might not be mooted by future developments in the district court;
(3) The possibility that the reviewing court might be obliged to consider the same issue a second time;
(4) The presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; and
(5) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
Id. p. 525.
In this case, the Brantleys' Tenant Damage Claim arose prior to the time of the fire. The Brantleys' amended petition indicates that State Farm attempted to make payment under the policy for the Tenant Damage Claim in June 1996. Nevertheless, the Brantleys dispute the amount of that payment as insufficient and therefore, effectively assert a breach of State Farm's obligations under the policy. This alleged breach of the policy by State Farm remains unadjudicated in the trial court.
This case, when considered as a whole, involves allegations of breaches by both sides to the insurance contract, with the alleged breach by State Farm in failing to pay the Tenant Damage Claim preceding the Brantleys' alleged failure to cooperate with State Farm in the later investigation of the fire. Under these circumstances, we find a significant relationship between the adjudicated and unadjudicated claims that would likely relegate this partial ruling to remain uncertified in the trial court and thus not appropriate for appeal. Moreover, in this mutual breach setting, the trial court's determination of no genuine issue of material fact for the rendition of this partial summary judgment may be questioned since the allegations of the Brantleys' Tenant Damage Claim were unchallenged by State Farm in the evidence supporting its motion.
Accordingly, we dismiss this uncertified partial appeal and remand to the trial court for further proceedings. Costs of this appeal are assessed to appellants.
APPEAL DISMISSED.
NOTES
[1] La. C.C.P. art. 1915(B) provides as follows:

"B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties."