859 So.2d 896 (2003)
Edward GAJESKE, Plaintiff-Appellee,
v.
INTEGRATED ELECTRICAL SERVICES, INC., Defendant-Appellant.
No. 37,777-WCA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 2003.
*897 Hudson, Potts & Bernstein, L.L.P., by Jan P. Christiansen, Monroe, for Appellant.
Street & Street, by C. Daniel Street, Monroe, for Appellee.
Before CARAWAY, DREW and MOORE, JJ.
CARAWAY, J.
In this worker's compensation action, the employee received injuries while working as a lineman. After the employee was released to return to work with restrictions, the employer offered him a job in the city of its home office located approximately 180 miles from the employee's home. When the employee refused the job offer, the employer terminated supplemental earnings benefits ("SEBs"). The employee sought reinstatement of his benefits, penalties and attorney's fees, and filed a motion for partial summary judgment on the ground that the job offered was not in a reasonable geographic area. The employer also sought summary judgment, urging that the offered employment satisfied the geographic requirements of the law. After the workers' compensation judge ("WCJ") granted the employee's partial summary judgment and certified it as a final judgment, the employer and its insurer appealed. After de novo review, we reverse and remand.

Facts
Edward Gajeske, a resident of Monroe, Louisiana, was employed by Integrated Electrical Services, Inc. d/b/a/ Ernest Breaux Electrical ("Breaux") as a journeyman lineman. Breaux is headquartered in New Iberia, Louisiana. Gajeske worked for Breaux at different job sites which were located not more than 50 miles from his home in Monroe. On March 6, 2001, Gajeske sustained injuries to his lower back, shoulder and neck while attempting to drill through a piece of steel. American Casualty Company of Pennsylvania, Breaux's compensation insurer, paid temporary total disability and supplemental earnings benefits to Gajeske who was subsequently released to work with restrictions by his physician.
In August of 2002, Gajeske's physician approved Gajeske for an electrician's job offered by Breaux which the physician found to be within Gajeske's medical restrictions. The form signed by the doctor indicated that although Gajeske would remain at the same pay level the geographic location would change. This job would be located near New Iberia, with the company paying for hotel accommodations and a per diem allowance for expenses. By letter dated August 22, 2002, Breaux offered the job to Gajeske. On October 9, 2002, Breaux again forwarded the written job offer to Gajeske, although this offer erroneously specified that the work would be located in either Mississippi or Arkansas, because Breaux had no work around Monroe. The job offer expired on October 14, 2002. After Gajeske declined the employment offer, Breaux terminated his SEBs. Gajeske filed a disputed claim for compensation on October 29, 2002, seeking reinstatement of either temporary total disability benefits or SEBs and penalties and attorney's fees.
Breaux's subsequent letter dated November 20, 2002, explained that the previous letter erroneously specified jobs in Mississippi and Arkansas because Gajeske would have been working there had he not been injured. Breaux further clarified that Gajeske's employment offer was, as stated in the initial correspondence, for the Lafayette/New Iberia area. Nevertheless, Gajeske continued to refuse the work offer.
*898 After Breaux answered the plaintiff's demand, Gajeske filed a motion for partial summary judgment contending that Breaux could not terminate his SEBs because the offered employment was not in the geographical area required by law. Likewise, Breaux sought a summary judgment on the basis that the offered employment was within a reasonable geographic location as required by La. R.S. 23:1221(3)(c)(i).
The WCJ heard arguments on the conflicting motions for summary judgment and ruled in favor of Gajeske. Specifically, the WCJ determined that it was unreasonable to require Gajeske to travel and essentially relocate 180 miles from home. Additionally, the WCJ found that because Gajeske was hired in Monroe, the reasonable geographic location for both the employer and the employee would also be in the vicinity of Monroe. The judgment was certified under La. C.C.P. art. 1915(B) and this appeal by the defendant ensued.

Discussion
The parties do not contest Gajeske's entitlement to SEBs before October 9, 2002. Rather, their dispute centers on whether the offered employment, some 180 miles from Gajeske's home, but in the employer's home office location, qualifies as a reasonable geographic location for purposes of La. R.S. 23:1221(3), thereby justifying the termination of benefits.
In setting forth the measure for SEBs under La. R.S. 23:1221(3)(a), the law provides that wages "earned," or which "the employee is able to earn," during the disability period are used in the calculation. Section 1221(3)(c) then provides as follows:
(c)(i) Notwithstanding the provisions of Subparagraph (b) of this Paragraph, for purposes of Subparagraph (a) of this Paragraph, if the employee is not engaged in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, or is earning wages less than the employee is able to earn, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sum the employee would have earned in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, which he was physically able to perform, and (1) which he was offered or tendered by the employer or any other employer, or (2) which is proven available to the employee in the employee's or employer's community or reasonable geographic region. (Emphasis ours.)
Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn ninety percent or more of his wages at the time of injury under the facts and circumstances of the individual case. Once the employee's burden is met, the burden shifts to the employer who, in order to defeat the employee's claims for supplemental earnings benefits or establish the employee's earning capacity, must prove, by a preponderance of the evidence, that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer's community or reasonable geographic region. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551. Actual job placement is not required. Caparotti v. Shreveport Pirates Football Club, 33,570 (La.App.2d Cir.8/23/00), 768 So.2d 186, writ denied, 00-2947 (La.12/15/00), 777 So.2d 1230.
In evaluating the issue of the reasonable geographic region for available employment, the courts have noted that the determination depends upon such factors as the nature of the employment region, *899 whether a city or rural area, and the transportation requirements and availability to and from the job site.[1] Courts have also considered the employment agreement and work history of the employee in determining the reasonable geographic region.[2] Finally, the economic impact of the offered employment upon the employee has been considered by the courts in determining the reasonableness of a geographic region.[3]
Additionally, we must distinguish a recent decision by the Louisiana Supreme Court where the employer's offer to the injured employee of a light-duty job at its place of business was found to be inappropriate for the employee. Fontenot v. Reddell Vidrine Water Dist., 02-0439, 02-0442, 02-0478 (La.1/14/03), 836 So.2d 14. Although the job offer was for 100% of the pre-injury wages, the employee had been required to move for economic purposes from the employer's place of business in Pineville, Louisiana to Breaux Bridge, Louisiana during his period of disability.
*900 The case also involved vocational rehabilitation services, and the court therefore construed Section 1226(B)(2) of the Act which addresses such services with Section 1221(3)(c) in reaching its decision. The court indicated that because of the passage of time since the date of injury and the employee's relocation to Breaux Bridge for financial reasons, a focus solely on the offered employment in Pineville was inappropriate. Given the fact specific nature of each determination under Section 1221(3)(c), we do not find that Fontenot gave a construction to the law that eliminates consideration of available employment with the employer when the employee's residence differs from the employer's place of business. In this case, Gajeske makes no claim for rehabilitation services and has not moved from the place he resided at the time of injury.
The evidence presented in support of the opposing motions for summary judgment included the affidavit of Breaux's safety manager who stated that the main office of Breaux is located in New Iberia, Louisiana. Breaux offered Gajeske a job "in the Lafayette / New Iberia area" which was approved by Gajeske's doctor. The job was offered to Gajeske at his same rate of pay and included room and board, a per diem and training for the position. Other relevant evidence in the record before us includes two letters sent to Gajeske from Breaux which indicated that, had Gajeske not been injured, continuing his work would have required out of state travel to either Mississippi or Arkansas.
Gajeske's affidavit stated that he declined the New Iberia work because he took the job with Breaux so he could work in the Monroe area, near his children. Additionally, Gajeske claimed that while he worked for Breaux, he had never traveled more than fifty miles from Monroe.
In this case, much about the parties' employment agreement is not explained by the evidence, thus giving rise to competing inferences which favor the assertions of both sides. The evidence does not reveal how long Gajeske was employed with Breaux and whether the nature of Breaux's work at the two North Louisiana job sites was only temporary or long term. There are implications that Breaux's work in North Louisiana was not permanent. The evidence shows that Gajeske was required to travel some distance from Monroe to work. However, whether he was expected at the time of his injury to travel distances that would not allow for his daily return to Monroe is not explained. Breaux's evidence implies that it expected Gajeske to travel and remain away from Monroe, while Gajeske's affidavit indicates that such was not his understanding of the employment relationship. Additionally, there is no information explaining whether the employment offered in New Iberia was temporary or whether similar work would eventually become available closer to Monroe. Finally, the record is unclear regarding the overall economic impact of the offered employment on Gajeske.
The reasonableness of the geographic region of available work in this case, when considered from the perspective of the "employer's community," will require a weighing of various factors, many of which are disputed and explored rather vaguely in the record before us. Therefore, the measurement of the reasonableness of Breaux's offer is inappropriate on motions for summary judgment in this case.[4]
*901 For these reasons, we reverse the partial summary judgment in favor of Gajeske and remand for further proceedings. Cost of this appeal are assessed to Gajeske.
PARTIAL SUMMARY JUDGMENT REVERSED; REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] See Daugherty v. Domino's Pizza, 95-1394 (La.5/21/96), 674 So.2d 947, which held that light duty employment thirty miles from claimant's home was not reasonable due to his physical inability to drive more than a short distance from his home; Joyner v. Davison Transport, Inc., 28,880 (La.App.2d Cir.1/22/97), 688 So.2d 623, which determined that an eighty-four mile commute four days per week for claimant who had no reliable transportation and complained of back pain was not within reasonable geographic region; Mayeux v. Kentucky Fried Chicken, 28,163 (La.App.2d Cir.4/3/96), 671 So.2d 1261, writ denied, 96-1133 (La.6/7/96), 674 So.2d 966, which held that jobs in Vicksburg were within reasonable geographic region of employee who lived in Tallulah, Louisiana, twenty miles away; Henry v. Schwegmann Giant Supermarkets, Inc., 95-327 (La.App. 5th Cir.12/13/95), 665 So.2d 740, writ denied, 96-0410 (La.3/29/96), 670 So.2d 1235, which held that a job located within the same city, but which would require the employee to catch at least two buses, wait for 20 minutes between buses and walk from her home to the bus and vice versa was not within the reasonable geographic region for employee whose disability prevented her from performing such physical activities; Bailes v. BE & K Construction, 26,528 (La.App.2d Cir.1/25/95), 649 So.2d 167, which affirmed penalty and attorney fees award in a case where the employer offered a special job in Virginia to a Clarks, Louisiana claimant after the determination that the job offer was not within a reasonable geographic region despite the fact that claimant had previously worked in Alaska, had traveled eighty miles to his place of employment, was unsure if he could physically perform the offered job, was not aware of duration of Virginia employment and had not been offered transportation expenses by the employer; Henton v. Walker & Wells Contractors Inc., 25,821 (La.App.2d Cir.5/4/94), 637 So.2d 672, writ denied, 94-1491 (La.9/23/94), 642 So.2d 1295, which found that jobs located fifteen and forty (Delhi, Rayville) miles from claimant's home in Tallulah were not reasonable because the claimant lived in a rural area, had previously been provided transportation by his employer and had no means of transporting himself to the jobs.
[2] See Joyner, supra at 628, where concurring/dissenting judge urged consideration of previous work habits in the ultimate determination of reasonable geographic region. See discussion infra in Bailes, supra, regarding claimant's previous work in Alaska; Bankston v. Scaffolding Rental & Erection Services, Inc., 513 So.2d 307 (La.App. 1st Cir.1987), which held that jobs located in Baton Rouge, approximately thirty miles from the claimant's residence, were within the reasonable geographic region because the claimant had previously worked in Baton Rouge and was physically capable of commuting that distance.
[3] See Romero v. Grey Wolf Drilling Co., 594 So.2d 1008 (La.App. 3d Cir.1992), wherein the court considered that the gasoline consumption required of a Lafayette Louisiana pizza delivery job would likely use up any profit of the employee who resided in Crowley, Louisiana; Kennedy v. Commercial Union Ins. Co., 572 So.2d 319 (La.App. 3d Cir.1990), where the court noted in dictum that it would consider the economic advantages or disadvantages required of an employee who suffered from back pain and was obligated to drive 80-100 miles per day for a job that paid only $125.00 $150.00 per week.
[4] Additionally, we note that while we have addressed this appeal under the auspices of La. C.C.P. art. 2164, the recent Supreme Court's holding in Rhodes v. Lewis, 01-1989 (La.5/14/02), 817 So.2d 64 casts doubt on the authority of the WCJ to certify the subject partial summary judgment as a final judgment. Moreover, we question the piecemeal pre-trial resolution of issues when the remaining claims of penalties and attorney's fees will necessarily involve a reexamination of the evidence. Thus, there remains a significant relationship between the unadjudicated claims and the adjudicated partial claims indicating the impropriety of a decision on the merits at this time. Brantley v. State Farm Ins. Co., 33,386 (La.App.2d Cir.5/10/00), 760 So.2d 603.