I,MOORE, J.
Mary Coleman appeals a Monroe City Court judgment that dismissed her personal injury claims against two defendants, Larry Townsend and his insurer, Continental Insurance Company. Finding that the judgment is an uncertified partial final judgment pursuant to La. C.C.P. art. 1915 B, we dismiss the appeal without prejudice.
Ms. Coleman was a passenger in an Isuzu Trooper being driven by her husband, Jeff Coleman Jr.[1] The Trooper was following a small pickup truck being driven by Jeff Jr.’s father, Jeff Coleman Sr. The two were part of a funeral cortege driving south on U.S. Hwy. 165 when Larry Townsend pulled out of a side street, Winnsboro Road, to cross Hwy. 165. Townsend had a green light and testified that because of the space in front of Jeff Sr.’s pickup, he thought the funeral procession was over. Townsend’s Chevy Cavalier struck the side of Jeff Sr.’s pickup truck; the impact pushed the pickup into Jeff Jr.’s Trooper, causing injuries to Ms. Coleman.
Ms. Coleman filed the instant suit (No. 2002-CV-01960) against Townsend, Jeff Sr., and their respective insurers. Later, the matter was consolidated with two other city court suits: Jeff Jr.’s suit against Townsend and his insurer (No. 2001-CV-02846), and Jeff Sr.’s suit against his own collision carrier, Safeway, and against Townsend and his insurer (No. 2002-CV-2095).[2] With the exception of Jeff Sr.’s claim against Safeway, the parties submitted all claims for decision on January 29, 2003.
| ?,The city court filed a “judgment,” actually reasons for judgment, on February 13, 2004, finding that Jeff Sr. was solely at fault in causing the accident. By judgment dated March 23, 2004, the court dismissed all the plaintiffs’ claims against Townsend and his insurer, Continental. This appeal followed.
*645 Partial judgments are regulated by La. C.C.P. art. 1915 B, which provides:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reeon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The instant judgment is only a partial judgment in that it dismisses Ms. Coleman’s claims against Townsend and his insurer but does not adjudicate her claims against the remaining defendants, Jeff Sr. and his insurer. Even reference to the February 13 “judgment,” which is actually an assignment of reasons for judgment, does not cure the problem. That document purports to hold Jeff Sr. liable, but neither it nor the later judgment awards any damages.
|3The partial judgment is not a final judgment for the purpose of an immediate appeal unless so designated by the trial court after an express determination that there is no just reason for delay. Banks v. State Farm Ins. Co., 30,868 (La.App. 2 Cir. 3/5/98), 708 So.2d 523. The instant judgment contains no such designation or express determination.
As this partial judgment cannot constitute a final for purposes of an immediate appeal, we are constrained to dismiss the appeal, without prejudice, at the appellant’s costs. Winnsboro State Bank & Tr. Co. v. Pepper, 31,862 (La.App. 2 Cir. 5/5/99), 743 So.2d 212; Brantley v. State Farm Ins. Co., 33,386 (La.App. 2 Cir. 5/10/00), 760 So.2d 603. The case is remanded to the city court for further proceedings, including but not limited to the rendition of a revised judgment in accord with La. C.C.P. art. 1915 B(2).
APPEAL DISMISSED WITHOUT PREJUDICE.

. The Trooper was owned by Jeff Jr.'s mother, Beulah Coleman, who was separated from Jeff Sr. The Trooper was uninsured.

. Despite the order of consolidation, the pleadings pertaining to 2001-CV-02846 and 2002-CV-2095 are not included in the instant record.