853 So.2d 708 (2003)
Terry P. BURNS, Plaintiff-Appellant,
v.
APACHE CORPORATION and United States Fire Insurance Co., Defendants-Appellees.
No. 37,396-WCA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 2003.
Rehearing Denied September 18, 2003.
Booth, Lockard, Politz, LeSage, Hayter & Odom, L.L.C. by Mark W. Odom, Shreveport, for Appellant.
*709 Mayer, Smith & Roberts by Kelly J. Workman, Steven E. Soileau, Shreveport, for Appellees.
Before GASKINS, PEATROSS and MOORE, JJ.
GASKINS, J.
Terry Burns appeals from a judgment of the Office of Workers' Compensation (OWC) deciding that certain expert witness fees were not included in the offset of the employer's credit against compensation arising from the settlement of a tort action in federal court. We reverse and remand.

FACTS
On June 21, 2000, Barry Burns was working for Apache Corporation (Apache) on an oil well pump in Shongaloo, Louisiana, when he was struck and killed by a moving part of the pump. His widow, Terry Burns, made a claim for compensation against Apache and its compensation insurer, United States Fire Insurance Company (USFIC). Ms. Burns also filed a tort action in Louisiana state court against Dodson Tye Machine Works, Inc. (Dodson), a contractor who had worked on the well.
Apache and USFIC commenced paying Ms. Burns $384 per week in workers' compensation death benefits. In the meantime, USFIC intervened and removed the tort lawsuit to federal court on diversity grounds. This lawsuit proceeded to trial and the jury awarded Ms. Burns $906,489.00 in damages. However, the jury allocated only five percent of the fault to Dodson[1] and Ms. Burns' recovery was therefore $45,324.45, plus legal interest. Out of this recovery, the federal judgment awarded USFIC five percent of the $33,792 in compensation benefits it had paid. USFIC was also awarded $250 from the defendants for funeral expenses previously paid. Ms. Burns incurred $14,360.44 in attorney fees in prosecuting the lawsuit.
The federal judgment further allowed Ms. Burns and USFIC to recover their costs "as provided by law." Ms. Burns thereafter filed an application to tax costs in federal court. Since expert fees are generally not allowed as costs in federal court, Ms. Burns did not request reimbursement for the $35,043.07 she spent in expert witness fees. Ms. Burns requested reimbursement for $7,700.48, the remainder of her costs. She settled this claim against Dodson for $2,000.00 out of concern that the five percent liability assessed to Dodson would apply to any cost award as well.
After the federal case was concluded, a dispute arose between Ms. Burns and Apache/USFIC concerning the credit owed the employer under La. R.S. 23:1103(A)(1). The employer ultimately suspended Ms. Burns' benefits on the grounds that her recovery in the tort action exceeded the amount of recoverable costs she incurred, and Ms. Burns filed a dispute in the OWC. Ms. Burns argued that the expert witness fees she incurred in the tort suit caused her total costs (a total of $42,743.55 not including attorney fees of $14,360.44) to exceed the amount of her recovery and, thus, the employer's credit should be reduced to zero. The employer argued that expert witness fees were not recoverable as costs in federal court and, therefore, Ms. Burns was entitled to an offset only for recoverable costs.
The OWC agreed with the employer. The OWC concluded that the employer was entitled to a credit against compensation for the amount of the plaintiff's recovery in the tort lawsuit but that this credit would be reduced by Ms. Burns' attorney *710 fees ($14,360.44) and costs ($5,700.48[2]) subject to a six percent annual reduction leaving a credit of $26,138.77 to the employer and insurer. Because the employer was entitled to this credit, the OWC decided that Terry Burns was not entitled to reinstatement of benefits until the credit was exhausted. Ms. Burns now appeals.

DISCUSSION
Resolution of this case turns on the interpretation of La. R.S. 23:1103. That statute provides, in pertinent part:
A. (1) In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six percent per annum, and shall be satisfied by such payment. The employer's credit against its future compensation obligation shall be reduced by the amount of attorney fees and court costs paid by the employee in the third party suit. [Emphasis added.]
Simply put, the issue is whether the term "court costs" encompasses expert witness fees when those fees are not taxable as costs in the forum of the tort action.
La. C.C. art. 9 provides:
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
La. C.C. art. 10 states:
When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
In part, La. C.C. art. 11 provides:
The words of a law must be given their generally prevailing meaning.
La. C.C. art. 12 provides:
When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
La. R.S. 1:4 provides:
When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.
Workers' compensation proceedings are to be interpreted liberally in favor of the workmen. Rhodes v. Lewis, XXXX-XXXX (La.5/14/02), 817 So.2d 64.
In federal court, courts may not assess the losing party with expert witness fees beyond a minimal per diem unless the expert witness was appointed by the court. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987); see also Tyler v. Union Oil Co. of California, 304 F.3d 379 (5th Cir.2002), discussing the amended version of F.R.C.P. 54(d)(1). Under the general rules for procedure in workers' compensation *711 hearings in Louisiana, costs may be assessed by the OWC as in other civil proceedings. La. R.S. 23:1317(B). Louisiana law expressly provides that expert witness fees may be taxed as costs to the party cast in judgment in an amount to be determined by the trial judge. La. C.C.P. art.1920 and La. R.S. 13:3666; see also Allen v. Roadway Express, Inc., 31, 628 (La.App.2d Cir.2/24/99), 728 So.2d 1015.
In support of their argument that no credit should be given for the expert witness fees not assessed as costs, the appellees rely upon the case of Degruise v. Houma Courier Newspaper Corporation, XXXX-XXXX (La.App. 1st Cir.3/28/02), 815 So.2d 1074, writs denied, XXXX-XXXX (La.6/21/02), 819 So.2d 342, XXXX-XXXX (La.6/21/02), 819 So.2d 345. There, applying La. R.S. 23:1103(A), the court of appeal disallowed an offset for "litigation costs" against the employer's credit. However, in so ruling, the court, which was concerned by the possibility of a double recovery by the claimant, observed that the claimant had paid no court costs. (Also, we note that the particulars of the court costs awarded by the trial court in Degruise are unclear.) The appellate court interpreted section (A)(1) in light of section (C). This provision was added in response to Moody v. Arabie, 498 So.2d 1081 (La.1986) to more precisely allocate between the claimant and the employer the cost of recovery from a tortfeasor and is directed at compensation benefits already paid to the claimant. La. R.S. 23:1103(C) currently provides in pertinent part:
C. (1) If either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for a share of the reasonable legal fees and costs incurred by the attorney retained by the plaintiff, which portion shall not exceed one-third of the intervenor's recovery for prejudgment payments or prejudgment damages. The amount of the portion of attorney fees shall be determined by the district court based on the proportionate services of the attorneys which benefitted or augmented the recovery from the third party. The employee as intervenor shall not be responsible for the employer's attorney fees attributable to postjudgment damages nor will the employer as intervenor be responsible for the attorney fees attributable to the credit given to the employer under Subsection A of this Section. Costs shall include taxable court costs as well as the fees of experts retained by the plaintiff.[3] The pro rata share of the intervenor's costs shall be based on intervenor's recovery of prejudgment payments or prejudgment damages. [Emphasis added.]
Although this paragraph expressly includes expert witness fees as recoverable costs, the legislature did not expressly include these fees in section (A)(1).
We conclude that the offset for future compensation benefits contemplated by section (A)(1) must necessarily be reduced by the plaintiff's expert witness fees as "court costs." First, we do not find the federal jurisprudence determining what costs are recoverable in federal courts persuasive on this issue of Louisiana workers' compensation law. The statute in question is not a counterpart of F.R.C.P. Rule 54(d)(1); rather, the statute is one calculating the appropriate payment of compensation benefits. This is purely a state law question and Louisiana's interest in its scheme of workers' compensation law is paramount. Second, recovery of expert witness fees, subject to the discretion of the trial judge, is the general practice in *712 Louisiana courts. We believe that the legislature must have contemplated this practice in enacting La. R.S. 23:1103. Third, we believe that the policy underlying this statute in general is simply to prohibit a claimant from making a double recovery and that denying the claimant the right to offset expert witness fees does nothing to promote that policy. Further, we do not believe that La. R.S. 23:1103 should result in disparate application based on whether the case is tried in state or federal court. Ms. Burns actually incurred the fees in the pursuit of her tort claim that the employer is now seeking to use as an offset. Finally, we also believe it inconsistent with the general policy of liberality toward the compensation claimant to exclude expert witness fees from the reduction in the employer's credit. To disallow the offset for expert witness fees would be to punish the claimant by allowing the employer to disproportionately benefit from the employee's successful (if only nominally so in this case) pursuit of tort remedies.

CONCLUSION
We therefore reverse the judgment of the OWC and remand this matter for a determination under Allen v. Roadway Express, Inc., supra, of the appropriate amount of expert witness fees to be offset against the employer's credit. Costs of this appeal are assessed to Apache Corporation and United States Fire Insurance Company.
REVERSED AND REMANDED.

APPLICATION FOR REHEARING
Before WILLIAMS, GASKINS, PEATROSS, MOORE, and TRAYLOR, JJ.
Rehearing denied.
NOTES
[1] The jury allocated 70% of the fault to Apache and 25% to Mr. Burns.
[2] Ms. Burns' total costs were $7,700.48 but she recovered $2,000.00 of this from Dodson.
[3] This sentence pertaining to expert fees was added in 1997 and was not applicable to the facts in the Degruise case. Acts 1997, No. 1354, § 1, effective July 15, 1997.