J^DOUCET, Chief Judge.
Claimant, James O. Rhodes, appeals a judgment of an Office of Workers’ Compensation (OWC) judge finding him the employee solely of Ralph Lewis, Sr. and neither an employee of a joint venture between Ralph Lewis and Ed Norfleet nor a statutory employee of Cajun Sugar Cooperative, Inc. (Cajun Sugar). We dismiss the appeal and remand the case to the OWC for further proceedings. FACTS
Claimant, James Rhodes, was injured on September 29, 1992, when he fell through a skylight on the roof of the mill building at the Cajun Sugar refinery in New Iberia, Louisiana. Earlier in the month, on September 14, 1992, Ralph Lewis, who was accompanied by a friend, Ed Norfleet, the owner of Southwestern Fence and Roofing Company, entered into a contract with Cajun Sugar to repair hurricane damage to the fabrication building at the mill for $2600.00. The contract was drawn up on a document with the following heading: “Proposal, Southwestern Construction, Roofing Specialist.” It was signed by Ralph Lewis and accepted by a representative of Cajun Sugar. The contract contained the following notation: “One year labor warranty by Ralph Lewis.” Later in September another “proposal” for additional work, i.e., coating of the mill building roof with silver bright, was drawn up on a form with the same heading. The latter form was signed by Mr. Lewis. The copy in the record was not signed by any representative of Cajun Sugar. Shortly thereafter, on September 29, 1992, Claimant, James Rhodes, was injured when he *713 fell through a skylight on the roof of the mill building.
Mr. Rhodes began proceedings with the OWC on September 26, 1993. At the time of the hearing which led to this appeal, the Claimant had named Ralph Lewis, |g,Sr., Ed Norfleet d/b/a/ Southwestern Fence and Roofing Company, and Cajun Sugar Cooperative, Inc. as defendants in the case. The case dragged on for a number of years, and by agreement of the parties and the OWC judge, a hearing was held February 4, 1999, for the limited purposes of determining the employee/employer relationship, whether the accident was in the course and scope of Claimant’s employment and which party or parties were liable to Claimant for workers’ compensation benefits. The issues of disability, the amount and type of compensation to which Claimant is entitled and all other matters were pretermitted for a later date.
We find this case almost identical to Volion v. Baker Heritage, Inc., 97-92 (La.App. 5 Cir. 5/28/97); 695 So.2d 1038. In Volion the judgment of the OWC judge established the claimant’s entitlement to workers’ compensation benefits, but it did not adjudicate the type or amount of those benefits. Our brethren of the Fifth Circuit, with whom we agree, relied on a recent supreme court decision to dismiss the appeal before them stating:
The Supreme Court in the recent case of Smith v. UNR Home Products, 614 So.2d 54 at 54-55 (La.1993) explained:
Neither the Code of Civil Procedure nor the Worker’s Compensation Act contemplate appeals from limited findings of hearing officers such as involved in this case. Ordinarily, appeals are from final judgments. LSA-C.C.P. Art.2083. LSA-C.C.P. Arts.l915A(5) and 1562 allow separate trials on the issues of “liability and damages” and an appeal from a judgment on the issue of liability when that issue has been tried separately by the court. These provisions, however, do not apply to worker’s compensation actions, which do not precisely involve “liability and damages.” Further, the order rendered by the hearing officer in this case, although finding the occurrence of an on-the-job accident, stopped short of finding liability on the part of the defendant.
lsLSA-R.S. 23:1310.5 contemplates an appeal from a final decision by the hearing officer upon completion of the required evidentiary hearing or hearings. Piecemeal appeals go counter to the new worker’s compensation procedures which are designed to allow the hearing officer to “decide the merits of the controversy as equitably, summarily and simply as may be.” LSA-R.S. 23:1317(A). The new procedures are designed to speed up the adjudicative process, not to prolong and complicate it by partial judgments and multiple appeals.
Id. at pp. 2-3; 695 So.2d 1038. See also Beaumont v. Exxon Corp., 98-1239 (La.App. 5 Cir. 4/27/99); 734 So.2d 155.
In the case sub judice, the extent of Claimant’s injuries, the nature of his disability and the amount of compensation to which he is entitled, if any, plus his entitlement to medical care and rehabilitation services all remain undecided.
Accordingly, for the reasons stated, the appeal is dismissed and the matter is remanded to the Office of Workers’ Compensation for a hearing on the remaining issues presented by this claim.
APPEAL DISMISSED AND CASE REMANDED.