817 So.2d 64 (2002)
James O. RHODES
v.
Ralph LEWIS, Sr., et al.
No. 2001-C-1989.
Supreme Court of Louisiana.
May 14, 2002.
*65 Adolph B. Curet, III, Biggs, Trowbridge, Supple, Cremaldi & Curet, Franklin, for applicant.
Michael W. Campbell, Caffery, Oubre, Dugas & Campbell, New Iberia, William L. Townsend, III, Natchitoches, Dennis R. Sumpter, Sulphur, Richard M. Istre, Lafayette, for respondent.
JOHNSON, Justice.
We granted this writ of certiorari to determine whether LSA-C.C.P. art. 1915(A)(1) allows a party to appeal a worker's compensation hearing officer's determination that two of the three defendants are not liable to plaintiff for workers' compensation benefits. After a thorough review of the record, brief, and relevant authorities, we hold that LSA-C.C.P. art. 1915(A)(1) is inapplicable to workers' compensation cases. Accordingly, we affirm the court of appeal's determination that the appeal in this matter was premature.

FACTS AND PROCEDURAL HISTORY
On September 14, 1992, Ed Norfleet, the owner of Southwestern Fence and Roofing Company, along with Ralph Lewis, entered into a contract with Cajun Sugar Cooperative, Inc. ("Cajun Sugar") to make repairs to the mill building at the Cajun Sugar refinery in New Iberia, Louisiana. Ralph Lewis subsequently hired claimant, James Rhodes, to perform some of the repair work. On September 29, 1992, claimant fell through a skylight on the roof of the building while making repairs.
Claimant filed a workers' compensation claim on September 26, 1993, naming Ralph Lewis, Ed Norfleet d/b/a/ Southwestern Fence and Roofing Company, and Cajun Sugar as defendants. After a plethora of continuances filed by all of the parties, a hearing was held on February 4, 1999 to determine (1) the employee/employer relationship between claimant and the three defendants; (2) which defendant or defendants are liable to claimant for workers' compensation benefits; and (3) whether the accident occurred during the course and scope of claimant's employment. The Office of Workers' Compensation ("OWC") hearing officer reached the following conclusions: (1) claimant was the employee solely of Ralph Lewis and was neither an employee of a joint venture between Ralph Lewis and Ed Norfleet nor a statutory employee of Cajun Sugar; (2) neither Norfleet nor Cajun Sugar are liable to claimant for workers' compensation benefits; and (3) claimant was in the *66 course and scope of his employment at the time of the accident. All other issues, including disability and the amount and type of compensation to which claimant is entitled, were reserved for trial at a later date.
Claimant appealed the hearing officer's ruling. The court of appeal did not rule on the merits of the case. Rather, the appellate court, relying on the decisions in Smith v. UNR Home Products, 614 So.2d 54 (La.1993), Volion v. Baker Heritage, Inc., 97-92 (La.App. 5 Cir. 5/28/97), 695 So.2d 1038, and Beaumont v. Exxon Corp., 98-1239 (La.App. 5 Cir. 4/27/99), 734 So.2d 155, dismissed the appeal and remanded the case to the OWC for a hearing on the remaining issues. Rhodes v. Lewis, 00-1359 (La.App. 3 Cir. 4/4/01), 784 So.2d 712. The court of appeal stated:
We find this case almost identical to Volion v. Baker Heritage, Inc., 97-92 (La.App. 5 Cir. 5/28/97); 695 So.2d 1038. In Volion the judgment of the OWC judge established the claimant's entitlement to workers' compensation benefits, but it did not adjudicate the type or amount of those benefits. Our brethren of the Fifth Circuit, with whom we agree, relied on [Smith v. UNR Home Products, 614 So.2d 54 at 54-55 (La. 1993)], a recent supreme court decision, to dismiss the appeal before them....
* * *
In the case sub judice, the extent of Claimant's injuries, the nature of his disability and the amount of compensation to which he is entitled, if any, plus his entitlement to medical care and rehabilitation services all remain undecided.
Rhodes, 784 So.2d at 713. Cajun Sugar, filed an application for certiorari with this court, and by order dated November 2, 2001, this court granted the application. 01-1989 (La.11/2/01), 800 So.2d 862.

DISCUSSION
Cajun Sugar contends the hearing officer's determination that Ralph Lewis is solely liable to claimant for workers' compensation benefits constitutes a "partial final judgment." We agree. In Douglass v. Alton Ochsner Medical Foundation, 96-2825 (La.9/13/97), 695 So.2d 953, this court explained "final judgments" and "partial final judgments" and their effects on the appellate process. We stated:
A judgment is a determination of the rights of the parties which may grant any relief to which the parties are entitled. La.Code Civ.Proc. art. 1841. A final judgment is one that determines the merits of the case in whole or in part. Id. A court has the universal power to render a final judgment that decides the entirety of the merits of the case. However, La.Code Civ.Proc. art. 1915 provides an exclusive list of the partial final judgments by which a court may grant relief to the parties. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). Thus, a judgment that determines the entirety of the merits of the action is appealable under La.Code Civ.Proc. art. 2083, but a judgment that only partially determines the merits of the action is a valid partial final judgment (and therefore appealable) only if authorized by Article 1915.
In the instant case, the hearing officer determined that two of the three defendants are not liable to claimant for workers' compensation benefits. While two of the defendants have been dismissed, one of them, Ralph Lewis, remains a party. Therefore, the hearing officer's judgment constituted a partial final judgment, as it only "partially determine[d] the merits of the action." Accordingly, the hearing *67 officer's ruling is only appealable if authorized by LSA C.C.P. art. 1915.
Cajun Sugar argues that an appeal is allowed under LSA C.C.P. art. 1915(A)(5), which provides, in part:
A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
* * *
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
In Smith v. UNR Home Products, 614 So.2d 54 (La.1993), this court held that LSA-C.C.P. arts. 1915(A)(5) and 1562 "do not apply to worker's compensation actions, which do not precisely involve `liability and damages.'" 614 So.2d at 54. Smith involved a bifurcated workers' compensation hearing. The sole issue to be determined at the first hearing was whether the claimant sustained a work-related injury resulting in injuries. All other issues were reserved for trial at a later date. After the hearing, the OWC hearing officer found that claimant had met his burden of proving that he suffered a job-related accident. After the court of appeal reversed the hearing officer's ruling, this court granted writ of certiorari and reversed the court of appeal's decision, holding that "the appeal in this case was premature; the order appealed was not an appealable judgment." Smith at 55. We stated:
Neither the Code of Civil Procedure nor the Worker's Compensation Act contemplate appeals from limited findings of hearing officers such as involved in this case. Ordinarily appeals are from final judgments. LSA-C.C.P. art.2083.[[1]] LSA-C.C.P. Arts. 1915A(5) and 1562[[2]] allow separate trials on the issues of "liability and damages" and an appeal from a judgment on the issue of liability when that issue has been tried separately by the court. These provisions, however, do not apply to worker's compensation actions, which do not precisely involve "liability and damages."
Smith at 54.
In this case, Cajun Sugar suggests that Smith is inapplicable because there was no determination of liability in that case, and in the instant case, the hearing officer has determined that one of the parties is liable to claimant for workers' compensation benefits. We reject that argument. In Smith, this court's reference to the fact the hearing officer did not make a determination of liability was merely another fact showing that bifurcation was not warranted. The clear rule in Smith is that LSA-C.C.P. art. 1915(A)(5) does not apply in workers' compensation cases because workers' compensation actions do not "precisely involve `liability and damages.'" *68 Therefore, Cajun Sugar's contention that an appeal is allowed under LSA-C.C.P. art. 1915(A)(5) is without merit.
Cajun Sugar correctly urges that some appellate courts, as well as this court, have allowed appeals in workers' compensation cases in which the issue of liability has been fully litigated. However, the judgments in those cases were not partial final judgments, and the appeals were not made pursuant to LSA-C.C.P. art. 1915(A)(5). In Reynolds v. Be-Neat Tank Cleaning Corporation, 425 So.2d 881 (La.App. 4 Cir.1983), the trial court found that the plaintiff was not entitled to workers' compensation benefits because his accident did not occur within the course and scope of his employment.[3] The plaintiff appealed the ruling, and the court of appeal affirmed the trial court's judgment. In Riles v. Truitt Jones Construction, 94-1224 (La.1/17/95), 648 So.2d 1296, an injured cabinet maker attempted to recover workers' compensation benefits by arguing that he was a "manual laborer," and therefore, he was exempt from the Workers' Compensation Act's exclusion of independent contractors from receiving workers' compensation benefits. The hearing officer found that claimant's work was not manual laborer and dismissed his claim. The claimant appealed, and the court of appeal affirmed the ruling. This court granted certiorari, and reversed, holding that the cabinet maker was a "manual laborer," and therefore, he was not excluded from receiving workers' compensation benefits.
We observe that the appeals in Reynolds and Riles were made from final judgments that dismissed the claimant's claims for worker's compensation benefits in full. In this case, Cajun Sugar and Norfleet were dismissed from the workers' compensation action, while Ralph Lewis remains a party. Thus, claimant's entitlement to compensation from Lewis remains to be decided.
Next, Cajun Sugar contends that an appeal of the hearing officer's determination is allowed because our decision in Smith did not "rule out application of other statutory provisions," i.e., LSA-C.C.P. art. 1915(A)(1), which provides:
A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
We agree that Smith is not dispositive of the issue of whether LSA-C.C.P. art. 1915(A)(1) allows appeals from workers' compensation proceedings. However, the underlying workers' compensation provisions cited in Smith are applicable to this case. LSA R.S. 23:1310.5 provides, in relevant part:
A. (1) Insofar as may be possible, all the evidence pertaining to each case, except as to noncontested matters, shall be heard by the workers' compensation judge initially assigned to the case. Upon the completion of such hearing or hearings, the workers' compensation judge shall make such order, decision, or award as is proper, just, and equitable in the matter.

*69 (2) Either party feeling aggrieved by such order, decision, or award shall, after receipt by certified mail of the order, decision, or award, have the right to take an appeal to the circuit court of appeal for the judicial district elected by the claimant upon the filing of the petition. The motion and order for appeal shall be filed with the district office assigned to handle the claim, which shall be responsible for preparation of the record for the appellate court.
In Smith, we also stated:
LSA R.S. 23:1310.5 contemplates an appeal from a final decision by the hearing officer upon completion of the required evidentiary hearing or hearings. Piecemeal appeals go counter to the new worker's compensation procedures which are designed to allow the hearing officer to "decide the merits of the controversy as equitably, summarily and simply as may be." LSA R.S. 23:1317(A). The new procedures are designed to speed up the adjudicative process, not to prolong and complicate it by partial judgments and multiple appeals.
Smith at 54-55.
The purpose of the Workers' Compensation Act is to set up a court-administrated system to aid injured workmen by relatively informal and flexible proceedings that are to be interpreted liberally in favor of the workmen. Falgout v. Dealers Truck Equipment Co., 98-3150 (La.10/19/99), 748 So.2d 399; Landreneau v. Liberty Mut. Ins. Co., 309 So.2d 283 (La.1975). The Louisiana Constitution and the Workers' Compensation Act were amended, and district courts were divested of jurisdiction over claims arising out of the Workers' Compensation Act. The OWC was empowered to resolve disputes and issue orders regarding workers' compensation claims. The purpose of the changes were to provide a speedy resolution to workers' compensation claims and a swift recourse for injured workers. See Kelly v. CNA Insurance Co., 98-0454 (La.3/12/99), 729 So.2d 1033.
With that in mind, we hold that an appeal from a determination of a workers' compensation hearing officer is impermissible under LSA-C.C.P. art. 1915(A)(1). To hold otherwise would render meaningless the goals the Workers' Compensation Act. This is especially true in the instant prolonged action, in which the claimant was injured in 1992 and filed his claim for workers' compensation in 1993. It would be a great injustice to force this claimant to await the final adjudication of the appeal on the issue of liability, then go back to the hearing officer for a determination of disability and compensation, only to be faced with the possibility of yet another protracted appellate process on those issues. Such a result would certainly go counter to our workers' compensation procedures.

CONCLUSION
We hold that LSA-C.C.P. art. 1915(A)(1) is inapplicable to workers' compensation cases. Accordingly, we affirm the court of appeal's determination that the appeal in this matter was premature.
NOTES
[1] LSA-C.C.P. art. 2083 provides, in relevant part:

A. An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default....
[2] LSA-C.C.P. art. 1562 provides, in pertinent part:

A. If it would simplify the proceedings or would permit a more orderly disposition of the case or otherwise would be in the interest of justice, at any time prior to trial the court may order, with the consent of all parties, separate trials on the issues of liability and damages, whether or not there is to be a jury trial on either issue....
[3] Subsequent to Reynolds, the Louisiana Constitution and the Workers' Compensation Act were amended to divest the district courts of jurisdiction over claims arising out of the Workers' Compensation Act. The OWC and its hearing officers now have the power to adjudicate workers' compensation claims. See La. Const. art. V, § 16(A); La.Rev.Stat.Ann. 23:1310.