TINA KRIEG
VERSUS
BAKER OIL TOOLS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 06-670
HONORABLE SHARON MORROW, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy H. Ezell, Judges.

APPEAL DISMISSED.

COOKS, J., dissents and assigns written reasons.

Bret Christopher Beyer
Attorney at Law
Post Office Box 53006
Lafayette, LA 70505
(337) 232-9733
Counsel for Defendant/Appellee:
      Baker Oil Tools

Harry Karl Burdette
The Glenn Armentor Law Corp.
300 Stewart Street
Lafayette, LA 70501
(337) 233-1471
Counsel for Plaintiff/Appellant:
      Tina Krieg

PICKETT, Judge.

This court issued a rule for the appellant, Tina Krieg, to show cause, by brief only, why the appeal in this case should not be dismissed as premature. Although the appellant responded to this court's order with a letter, we dismiss the appeal.

The appellant filed a claim with the Office of Workers' Compensation seeking payment by the appellee, Baker Oil Tools, for medical treatment, indemnity benefits, and penalties and attorney fees. The appellee filed an exception of prescription against the appellant's claim for indemnity benefits. The trial court held a contradictory hearing on the exception. On January 10, 2007, the trial court signed a judgment granting the exception. The judgment reads, in pertinent part, "the defendant/employer's Peremptory Exception of Prescription as to Indemnity Benefits is hereby **GRANTED**, reserving the rights of **TINA KRIEG** to claim medical benefits only." Emphasis supplied.

The appellant filed a motion for appeal from this ruling, and the trial court granted the order of appeal. Upon the lodging of the record in this case, this court, on its own motion, issued a rule for the appellant to show cause, by brief only, why the appeal should not be dismissed as premature.

The appellant responded to this court's order by filing a letter with this court. In the letter, the appellant explains that the instant appeal has been taken in accordance with La.Code Civ.P. art. 1915(B)(1). The appellant further argues that the dismissal of this appeal on this procedural ground would prejudice the appellant because evidence on the issue of indemnity benefits will not be able to be introduced at the trial on the merits of this case in the workers' compensation court.

1

The rule to show cause issued by this court in this matter cited the appellant to *Rhodes v. Lewis*, 2001-1989 (La. 5/14/02), 817 So.2d 64, and *Evergreen Presbyterian Minist. v. Wallace*, 2005-1343 (La.App. 3 Cir. 4/5/06), 926 So.2d 759. In *Rhodes*, 817 So.2d 64, two of three defendants were dismissed from the action. Despite the fact that dismissal of that appeal resulted in trial being conducted against only one defendant, which risked that a new trial would have to be held in the event that a later appeal resulted in a finding that the dismissal of the first two defendants was incorrect, the supreme court held that La.Code Civ.P. art. 1915(A)(1) and (5) were inapplicable to workers' compensation suits.

The appellant's letter to this court does not provide any basis for varying from the established jurisprudence in this area of the law. While this court recognizes that the appellant claims that she is seeking this appeal pursuant to La.Code Civ.P. art. 1915(B) and that *Rhodes* pertained only to La.Code Civ.P. art. 1915(A)(1) and (5), we find the logic of *Rhodes* dictates that Article 1915(B) should also be inapplicable to this case.

In *Evergreen Presbyterian Minist.*, 926 So.2d 759, this court ordered the dismissal of appeals filed by both sides. The rulings at issue in that appeal were that the claimant was entitled to supplemental earnings benefits, but that the claimant was not temporarily and totally disabled nor totally and permanently disabled, as well as other rulings deciding other issues in the case. This court stated therein:

> The law is clear, and we are bound to follow the supreme court's dictates, that a piecemeal appeal is not permissible in a workers' compensation case. The judgment of the Office of Workers' Compensation clearly establishes that issue of penalties and attorney fees is yet to be decided by it. As the second circuit noted in *Gajeske v. Integrated Electrical Services, Inc.*, 37,777 (La.App. 2 Cir. 10/29/03),

2

859 So.2d 896, in footnote four (*citing Rhodes*, 817 So.2d 64), a piecemeal appeal is not permissible when there are still issues involving penalties and attorney fees yet to determined. Until all issues have been decided in this case, this appeal is premature.

*Evergreen Presbyterian Minist.*, 926 So.2d at 763. Accordingly, we hereby

dismiss the instant appeal at appellant's cost.

**APPEAL DISMISSED.**

TINA KRIEG

VERSUS

BAKER OIL TOOLS

Cooks, J., dissents and assigns written reasons.

I would not order the dismissal of this appeal. I find that the two cases cited by the majority are distinguishable from the instant case. In *Rhodes v. Lewis*, 2001-1989 (La. 5/14/02), 817 So.2d 64, and *Evergreen Presbyterian Minist. v. Wallace*, 2005-1343 (La.App. 3 Cir. 4/5/06), 926 So.2d 759, the procedural posture of those cases was such that the matters presented on the appeals involved issues arising out of the cause of action that was yet to be litigated in the worker's compensation court. However, in the instant case, the trial court has ordered the dismissal of the worker's claim for indemnity benefits. This claim is wholly independent of the claim for medical benefits, the only claim remaining in the worker's compensation court. These two claims are even subject to different prescriptive provisions. La.R.S. 23:1209. Therefore, I would find that this appeal is not subject to dismissal and that this court's rule should be recalled for good cause shown. At the very least, and in the interest of justice, I submit that because the trial court's ruling, if erroneous, may cause the applicant irreparable harm, this court should accept this appeal as a properly filed application for supervisory writs.