STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-311


SANDRA POCHÉ
VERSUS
HUEY P. LONG MEDICAL CENTER


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, NO. 07-08233
HONORABLE JAMES L. BRADDOCK, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*

**BILLY H. EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Billy H. Ezell , Judges.

**Cooks, J., dissents and assigns written reasons.**

                                                                    **APPEAL DISMISSED.**

**Sandra Poché**
**529 Spring Bayou Road**
**Marksville, LA 71309**
**(318) 253-6612**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **In Proper Person**

**Leanne Broussard**
**State of Louisiana**
**Post Office Box 1710**
**Alexandria, LA 71309**
**(318) 487-5944**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Huey P. Long Medical Center**

EZELL, Judge.

This court, *sua sponte*, issued a rule for the plaintiff-appellant, Sandra Poché, to show cause, by brief only, why the appeal in the above captioned case should not be dismissed as having been taken prematurely. For the reasons given below, we dismiss the appeal.

The trial court signed a judgment on February 28, 2008, which dismissed plaintiff's claim for wage benefits as having prescribed. The February 28, 2008 judgment also stated that plaintiff's "claim for medical benefits is not affected by this judgment." Notice of the signing of judgment was sent on February 29, 2008. The plaintiff then filed a request for an appeal from this judgment on March 4, 2008. The trial court signed an order of appeal, and the record in this case was lodged in this court. Upon the lodging of the record, this court issued the instant rule for the plaintiff to show cause why the appeal should not be dismissed as having been taken prematurely. The plaintiff has not filed a brief in response to this court's rule.

We find that the appeal in this case must be dismissed because La.Code Civ.P. art. 1915 has been held to be inapplicable to workers' compensation cases. The judgment of which an appeal is being sought clearly states that there are issues not yet resolved.

In *Rhodes v. Lewis*, 2001-1989 (La. 5/14/02), 817 So.2d 64, the supreme court held that La.Code Civ.P. art. 1915(A)(1) and (5) were inapplicable to workers' compensation suits. In that instance, two of three defendants had been dismissed from the suit. Even at the risk of having trial against less than all parties who might ultimately be held answerable, the supreme court declined to sanction the use of Article 1915 in workers' compensation actions.

1

Likewise, this court in *Evergreen Presbyterian Minist. v. Wallace*, 2005-1343 (La.App. 3 Cir. 4/5/06), 926 So.2d 759, ordered the dismissal of appeals which had been filed by both sides. In dismissing the appeals from rulings that the claimant was entitled to supplemental earnings benefits, but that the claimant was not temporarily and totally disabled nor totally and permanently disabled, as well as other rulings deciding other issues in the case, this court stated:

> The law is clear, and we are bound to follow the supreme court's dictates, that a piecemeal appeal is not permissible in a workers' compensation case. The judgment of the Office of Workers' Compensation clearly establishes that issue of penalties and attorney fees is yet to be decided by it. As the second circuit noted in *Gajeske v. Integrated Electrical Services, Inc.*, 37,777 (La.App. 2 Cir. 10/29/03), 859 So.2d 896, in footnote four (*citing Rhodes*, 817 So.2d 64), a piecemeal appeal is not permissible when there are still issues involving penalties and attorney fees yet to determined. Until all issues have been decided in this case, this appeal is premature.

*Evergreen Presbyterian Minist.*, 926 So.2d at 763. Accordingly, we hereby dismiss the instant appeal at plaintiff's cost.

**APPEAL DISMISSED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

08-311

SANDRA POCHÉ

VERSUS

HUEY P. LONG MEDICAL CENTER

**COOKS, J., dissents**.

The majority relies on the holding in *Rhodes v. Lewis*, 2001-1989 (La. 5/14/02), 817 So.2d 64, to support a dismissal of the appeal in the instant case. I find the facts in *Rhodes* distinguishable from those presented in the instant case and find that the reasoning set forth in that case would support permitting the instant appeal to proceed.

In *Rhodes*, two possible defendants were dismissed on summary judgment based on the finding that the third defendant was in fact the employer of the injured worker. The court first reiterated its prior holding that the workers' compensation scheme, unlike general tort claims, does not require a determination of liability and damages in the traditional sense. In finding that an appeal from the ruling dismissing only two of three possible defendants was improper, the court observed:

> The purpose of the Workers' Compensation Act is to set up a court-administered system to aid injured workmen by relatively informal and flexible proceedings that are to be interpreted liberally in favor of the workmen. *Falgout v. Dealers Truck Equipment Co.*, 98-3150 (La.10/19/99), 748 So.2d 399; *Landreneau v. Liberty Mut. Ins. Co.*, 309 So.2d 283 (La.1975). The Louisiana Constitution and the Workers' Compensation Act were amended, and district courts were divested of jurisdiction over claims arising out of the Workers' Compensation Act. The OWC was empowered to resolve disputes and issue orders regarding workers' compensation claims. The purpose of the changes were to provide a speedy resolution to workers' compensation claims and a swift recourse for injured workers. *See Kelly v. CNA Insurance Co.*, 98-0454 (La.3/12/99), 729 So.2d 1033.

> With that in mind, we hold that an appeal from a determination of a workers' compensation hearing officer is impermissible under LSA-C.C.P. art. 1915(A)(1). To hold otherwise would render meaningless the goals the

Workers' Compensation Act. This is especially true in the instant prolonged action, in which the claimant was injured in 1992 and filed his claim for workers' compensation in 1993. It would be a great injustice to force this claimant to await the final adjudication of the appeal on the issue of liability, then go back to the hearing officer for a determination of disability and compensation, only to be faced with the possibility of yet another protracted appellate process on those issues. Such a result would certainly go counter to our workers' compensation procedures.

Contrary to the facts presented in *Rhodes*, in the instant case, the trial court's ruling bars as prescribed the claimant from obtaining wage benefits. This ruling, should it stand, will forever prohibit the injured employee from obtaining this benefit. Contrary to the legislative intent of providing an injured employee with an expeditious remedy, the majority's decision results in this claimant failing to receive wage benefits to which she may be entitled simply because the claimant may also be entitled to receive medical benefits arising out of the same incident because such claims have a longer prescriptive period for filing. I find that the holding in *Rhodes* is inapplicable to the instant case and a closer reading of that decision supports a finding that an immediate appeal from the denial of this claimant's wage benefit claim should be permitted. Accordingly, I dissent from the majority's opinion to dismiss this appeal.