# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-365

CAROL POWERS

VERSUS

ACE TRANSPORTATION, INC., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NO. 09-02319
WORKERS' COMPENSATION JUDGE
HONORABLE CHARLOTTE L. BUSHNELL

\*\*\*\*\*\*\*\*\*\*

## JAMES T. GENOVESE
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

**APPEAL DISMISSED.**

Mark T. Garber
Attorney at Law
800 West Congress Street, Suite B
Lafayette, LA 70501
(337)234-5500
COUNSEL FOR PLAINTIFF/APPELLANT:
    Carol Powers

Bryan D. Scofield
Scofield & Rivera, L.L.C.
Post Office Box 4422
Lafayette, LA 70502
(337)235-5353
COUNSEL FOR DEFENDANTS/APPELLEES:
    Ace Transportation, Inc.
    Zurich American Insurance Co.

**GENOVESE, Judge.**

This court issued a rule for the plaintiff/appellant, Carol Powers, to show cause, by brief only, why the appeal in this case should not be dismissed as premature. For the reasons assigned below, we dismiss the appeal.

The appellant filed a claim with the Office of Workers' Compensation against Ace Transportation, Inc. and Zurich American Insurance Company seeking a variety of benefits including increased payment of average weekly wages, future benefits, medical reimbursement, medical mileage, and penalties and attorney fees. Both sides filed a motion for summary judgment. The trial court granted, in part, the motion for summary judgment filed by the defendants/appellees.

The appellant filed a motion for appeal from this ruling, and the trial court granted the order of appeal. Upon the lodging of the record in this case, this court, on its own motion, issued a rule for the appellant to show cause, by brief only, why the appeal should not be dismissed as premature pursuant to *Rhodes v. Lewis*, 01-1989 (La. 5/14/02), 817 So.2d 64.

The appellant responded by brief to this court's order arguing that the instant issues on appeal are distinguishable from that of *Rhodes*, 817 So.2d 64. The appellant notes that the judgment appealed granted the appellees' motion for summary judgment on the issues of the appellant's average wage and whether the appellant was required to receive approval before accepting medical payment reimbursement coverage from her own liability insurer. The appellant argues that the above-described issues are not dispositive and, therefore, contends that the policy issues referenced in *Rhodes* are not applicable. Finally, the appellant argues that the public policy goals of the workers' compensation system are better served by allowing the appellant's appeal to proceed.

1

As mentioned above, the rule to show cause issued by this court in this matter cited the appellant to *Rhodes*, 817 So.2d 64. In *Rhodes*, two of three defendants were dismissed from the action. Despite the fact that dismissal of that appeal resulted in trial being conducted against only one defendant, which created a risk that a new trial would have to be held in the event that a later appeal resulted in a finding that the dismissal of the first two defendants was incorrect, the supreme court held that La.Code Civ.P. art. 1915(A)(1) and (5) were inapplicable to workers' compensation suits.

In *Evergreen Presbyterian Minist. v. Wallace*, 05-1343 (La.App. 3 Cir. 4/5/06), 926 So.2d 759, this court ordered the dismissal of appeals filed by both sides. The rulings at issue in that appeal were that the claimant was entitled to supplemental earnings benefits, but that the claimant was not temporarily and totally disabled nor totally and permanently disabled, as well as other rulings deciding other issues in the case. This court stated therein:

> The law is clear, and we are bound to follow the supreme court's dictates, that a piecemeal appeal is not permissible in a workers' compensation case. The judgment of the Office of Workers' Compensation clearly establishes that issue of penalties and attorney fees is yet to be decided by it. As the second circuit noted in *Gajeske v. Integrated Electrical Services, Inc.*, 37,777 (La.App. 2 Cir. 10/29/03), 859 So.2d 896, in footnote four (*citing Rhodes*, 817 So.2d 64), a piecemeal appeal is not permissible when there are still issues involving penalties and attorney fees yet to determined. Until all issues have been decided in this case, this appeal is premature.

*Evergreen Presbyterian Minist.*, 926 So.2d at 763.

The appellant presents public policy arguments for maintaining the instant appeal; however, the appellant does not address the fact that the judgment of which the appellant seeks review is not a complete adjudication of the action. The appellees' answer to the appeal clearly indicates that there are issues remaining outside the scope of this appeal, including, but not limited to, the issue of the

2

appellant's right to future benefits.    Accordingly, we hereby dismiss the instant appeal at appellant's cost.

**APPEAL DISMISSED.**