# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**10-1295**

**SONYA REEDER SEAMAN**
**VERSUS**
**CHARLES W. SEAMAN**

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 81,296
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**Cooks, J., dissents and would maintain the appeal.**

**APPEAL DISMISSED.**

**Robert Charles Owsley**
**Murchison & Murchison**
**Post Office Box 226**
**Natchitoches, LA 71458-0226**
**(318) 352-2302**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    Charles W. Seaman

**Sonya Reeder Seaman**
**In Proper Person**
**Post Office Box 3000-342**
**Edwards, CO 81632**

PICKETT, Judge.

This court, on its own motion, issued a rule for the plaintiff-appellant, Sonya Reeder Seaman, to show cause, by brief only, why this appeal should not be dismissed as untimely pursuant to La.Code Civ.P. arts. 3942 and 3943 or as taken from a non-appealable, interlocutory order or both. The plaintiff filed a brief in response to this rule. For the reasons discussed in this opinion, we dismiss the appeal.

The plaintiff, through counsel, initiated this suit with the filing of a petition seeking divorce and ancillary relief. Since the parties had minor children from the marriage, custody, visitation, and child support were among the ancillary matters. A judgment pertaining to custody and child support was entered by the trial court which gave both parties shared custody of the children. Later, a judgment of divorce was granted.

Subsequently, the defendant-appellee, Charles W. Seaman, filed a motion seeking a change in the custodial arrangement and raising other matters relating to the children. The change of custody and other related issues came for hearing before the trial court on April 29, 2010. At the outset of the hearing, the trial court stated for the record that the plaintiff had been contacted by the court and indicated that she would not be attending the hearing nor would she have any attorney present. Thereafter, the trial court proceeded to hear the matter.

A written judgment changing the custody arrangement from shared custody to sole custody with the defendant was signed by the trial court on May 6, 2010. This written judgment provides:

> **IT IS ORDERED, ADJUDGED AND DECREED** that the Judgment previously rendered is hereby modified and amended to award Charles W. Seaman the sole custody of the minor children, . . ., subject to the visitation by Son[y]a Reeder Seaman, detailed as follows:

1

**a)** Sonya Reeder Seaman may visit the minor children with advance notice to Mr. Seaman, in the State of Louisiana.

**b)** The minor children are not to be in the presence of Walter B. Atkinson at any time in accordance with the Protective Order issued in the suit entitled "Charles W. Seaman vs. Walter B. Atkinson", Suit No. 81,999, Division A, Tenth Judicial District Court, Natchitoches Parish, Louisiana; as well as the evidence in testimony presented to this Court regarding Walter B. Atkinson.

**c)** Sonya Reeder Seaman shall keep Charles W. Seaman notified as to the location where she shall be exercising visitation with the children, and phone access to the minor children while they are in her physical custody.

**d)** Sonya Reeder Seaman shall not remove the minor children from the State of Louisiana.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Robin Miley, who is presently counseling the minor children, shall present the Court a recommendation on Sonya Reeder Seaman, having visitation with the minor children, outside the State of Louisiana. After said recommendation, the Court will make a determination as to the extent of any out-of-state visitation.

Notice of the foregoing judgment was mailed to the plaintiff by the district court's clerk's office on May 7, 2010. The plaintiff filed a motion for a devolutive appeal on July 12, 2010. The order granting the appeal was signed the following day. Following the lodging of the record in this appeal with this court, we issued the instant rule to show cause.

Louisiana Code of Civil Procedure Article 3943 reads, "An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend execution of the judgment insofar as the judgment relates to custody, visitation, or support."

Louisiana Code of Civil Procedure Article 3942(A) states, "An appeal from a judgment granting or refusing an annulment of marriage or a divorce can be taken

only within thirty days from the applicable date provided in Article 2087(A)(1)-(3)." Therefore, with respect to the portion of the appealed judgment which modified custody and visitation, the motion for appeal had to be filed within thirty days of the expiration of the time for filing a motion for new trial pursuant to La.Code Civ.P. arts. 1974 and 2087, unless this portion of the judgment was not immediately appealable pursuant to La.Code Civ.P. art. 1915(B), which issue will be discussed later in this opinion.

As this court previously stated, notice of the signing of the appealed judgment was sent by the district court's clerk's office on May 7, 2010. Therefore, the delay for filing a motion for new trial expired on May 18, 2010. The thirty day time period for filing a motion for appeal, then, expired on June 17, 2010. Thus, if any portion of the appealed judgment was immediately appealable, the motion for appeal was untimely.

However, the judgment appealed readily reflects that not all issues in this case were decided by that judgment. Even within that judgment itself, the trial court indicates that a ruling regarding visitation will be forthcoming once the court had received the recommendations of the counselor. Moreover, the record forwarded to this court contains such pleadings as a motion filed by the defendant seeking a modification in the child support award which, at the time of the record's compilation, had not yet been adjudicated. Accordingly, the judgment appealed clearly did not decide all matters pending in this case. Therefore, in order to decide whether this appeal is untimely, this court must determine whether a judgment modifying custody and visitation, but leaving other matters to be decided in the litigation, is subject to the requirement of a designation of finality and appealability pursuant to La.Code Civ.P. art. 1915(B).

3

Louisiana Code of Civil Procedure Article 1915(B) reads:

B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Article 1915 does not provide for any exception to its applicability as to any particular case. Regardless, the jurisprudence has held that not all provisions in this statute are applicable in every instance. For example, in *Rhodes v. Lewis*, 2001-1989 (La. 5/14/02), 817 So.2d 64, 69, the court wrote:

The purpose of the Workers' Compensation Act is to set up a court-administrated system to aid injured workmen by relatively informal and flexible proceedings that are to be interpreted liberally in favor of the workmen. *Falgout v. Dealers Truck Equipment Co.*, 98-3150 (La.10/19/99), 748 So.2d 399; *Landreneau v. Liberty Mut. Ins. Co.*, 309 So.2d 283 (La.1975). The Louisiana Constitution and the Workers' Compensation Act were amended, and district courts were divested of jurisdiction over claims arising out of the Workers' Compensation Act. The OWC was empowered to resolve disputes and issue orders regarding workers' compensation claims. The purpose of the changes were to provide a speedy resolution to workers' compensation claims and a swift recourse for injured workers. *See Kelly v. CNA Insurance Co.*, 98-0454 (La.3/12/99), 729 So.2d 1033.

With that in mind, we hold that an appeal from a determination of a workers' compensation hearing officer is impermissible under LSA-C.C.P. art. 1915(A)(1). To hold otherwise would render meaningless the goals the Workers' Compensation Act. This is especially true in the instant prolonged action, in which the claimant was injured in 1992 and filed his claim for workers' compensation in 1993. It would be a great injustice to force this claimant to await the final adjudication of the appeal on the issue of liability, then go back to the hearing officer for a determination of disability and compensation, only

4

to be faced with the possibility of yet another protracted appellate process on those issues. Such a result would certainly go counter to our workers' compensation procedures.

Turning to the instant case, we find an even more persuasive reason for holding that La.Code Civ.P. art. 1915(B) should not apply to the judgment appealed. As a general rule of statutory construction, where harmonization of statutes dealing with the same subject matter is not possible, the more specific provision prevails over the more general. *See LeBreton v. Babito*, 97-2221 (La. 7/8/98), 714 So.2d 1226. Unlike the Workers' Compensation Act which has no unique provision pertaining to the delay for seeking an appeal, Louisiana does have specific statutes dictating the delay for seeking an appeal from a judgment as to custody or visitation. Thus, as quoted above, La.Code Civ.P. arts. 3942 and 3943 impose the shortened thirty day time period for appealing custody, visitation, and support matters, rather than permitting a party to take up to sixty days to take a devolutive appeal as provided in the more general statute of La.Code Civ.P. art. 2087.

Moreover, unlike the reasoning in *Rhodes*, 817 So.2d 64, wherein the court was concerned with the delays that could result from permitting piecemeal appeals, we find that in child custody and visitation cases, piecemeal appeals can be appropriate. Thus, we find no logical reason for postponing an immediate appeal of a judgment of custody simply because the parties may have outstanding issues pertaining to support or visitation matters. Therefore, we hold that the appealed judgment in the instant case did not have to have a designation by the trial court as to its finality and appealability before the plaintiff could have filed her motion and order for appeal.

Since we now hold that this judgment did not need to be designated appealable pursuant to Article 1915(B) in order to be immediately appealable, we are constrained to find that the instant appeal must be dismissed as untimely insofar as the judgment

5

relates to custody and visitation matters. In the brief in response to this court's rule to show cause, the plaintiff raises the fact that she is not a lawyer and is attempting to represent herself. Therefore, she asks that even if this court finds that the appeal is untimely, we nevertheless permit her to pursue the appeal.

While this court is not unmindful of the possible disadvantages facing a non-attorney attempting self-representation, especially in child custody matters, the jurisprudence is clear that even if the parties to the action do not oppose the untimely appeal, neither the trial court nor the appellate court has the authority to extend the delays for seeking an appeal since the timeliness of an appeal is a jurisdictional issue. *See State in the Interest of E.A.*, 2002-996 (La.App. 3 Cir. 10/2/02), 827 So.2d 594 (appeal dismissed even though the state, as appellee, did not oppose the court maintaining the appeal of the mother whose parental rights had been terminated). Accordingly, we cannot extend the delay that the plaintiff had to perfect her appeal in this matter.

This court also notes that some portions of the judgment appealed are clearly interlocutory. For instance, the trial court ordered the counselor working with the children to provide the court with a report which is to be used in deciding issues surrounding the exercise of visitation by the plaintiff outside the State of Louisiana. Review of any interlocutory portions of the judgment, though, is not permitted through an ordinary appeal. *See* La.Code Civ.P. art. 2083. Furthermore, as discussed above, the plaintiff failed to file the motion for appeal within thirty days of the mailing of the notice of judgment. Therefore, this court cannot construe the motion for appeal as a timely request for the setting of a return date for the filing of a writ application with this court because such a motion must also be made within thirty days of the ruling. *See* Uniform Rules of Court—Courts of Appeal, Rule 4–3. Thus,

6

for all of the above-discussed reasons, this court must dismiss this appeal at plaintiff's cost.

**APPEAL DISMISSED.**