STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1417


CHARLES FOSTER

VERSUS

PATTERSON SERVICES, INC.


\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 99-01866
WORKERS' COMPENSATION JUDGE
HONORABLE SHARON MORROW

\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Marc T. Amy, Judges.


**APPEAL DISMISSED. APPELLANTS ARE
PERMITTED TO FILE APPLICATIONS FOR
SUPERVISORY WRITS.**

Donovan J. O'Pry, II
Jeansonne & Remondet
Post Office Box 91530
Lafayette, LA 70509
(337) 237-4370
COUNSEL FOR DEFENDANT/APPELLANT:
    Patterson Services, Inc.

Michael B. Miller
Attorney at Law
Post Office Drawer 1630
Crowley, LA 70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF/APPELLANT:
    Charles Foster

**COOKS, Judge.**

This court issued a rule for the Appellants to show cause, by brief only, why the appeal in this case should not be dismissed as having been taken from a non-appealable, interlocutory order. For the reasons assigned below, we dismiss the appeal.

The Plaintiff filed a claim with the Office of Workers' Compensation against the Defendant in 1999 for a back injury. In 2000, a judgment was entered ordering the Defendant to pay Plaintiff supplemental earnings benefits. After paying the benefits for 520 weeks, the Defendant was allowed to terminate weekly supplemental earnings benefits to Plaintiff pursuant to La.R.S. 23:1221(3)(d).

On February 18, 2011, the Plaintiff filed a motion and order to modify the previous judgment to state that Plaintiff is totally disabled and entitled to continue weekly compensation benefits. Following a hearing, the workers' compensation court issued a written judgment ordering Defendant to provide 26 weeks of computer training to Plaintiff during which time the Defendant shall pay temporary total disability benefits. The court also ordered the Plaintiff to undergo a functional capacity examination, and that Plaintiff be allowed to select Glenn Hebert as his vocational counselor. Lastly, the workers' compensation court ordered that after the Plaintiff's completion of computer training, another hearing be held to consider additional evidence. The court stated that its judgment is designated as a partial final judgment for the purposes of appeal.

Both the Plaintiff and the Defendant filed motions for appeal from this ruling, and the trial court granted the orders of appeal. Upon the lodging of the record in this case, this court, on its own motion, issued a rule for the Appellants to show cause, by brief only, why the appeal should not be dismissed as having been

taken from a non-appealable, interlocutory order, citing *Rhodes v. Lewis*, 01-1989 (La. 5/14/02), 817 So.2d 64.

The Defendant-Appellant responded by brief to this court's order arguing that the workers' compensation court properly designated the judgment as final and appealable because the judgment will be enforced immediately. The Defendant contends that the Plaintiff's computer training and paid weekly benefits during the half-year of training will be a considerable cost. The Defendant also points out that the Plaintiff has been ordered to complete computer training as a prerequisite to his permanent total disability determination, even though the Plaintiff did not request additional training.

In response to the rule, the Plaintiff-Appellant contends that the workers' compensation court's ruling should have been a final judgment because at the time of the hearing on the motion to modify judgment, there were no other issues or motions pending before the court. However, the Plaintiff notes that the court entered a ruling that failed to either grant or deny his motion to modify the judgment.

As mentioned above, the rule to show cause issued by this court in this matter cited the Appellants to *Rhodes*, 817 So.2d 64. In *Rhodes*, two of three defendants were dismissed from the action. Despite the fact that dismissal of that appeal resulted in trial being conducted against only one defendant, which created a risk that a new trial would have to be held in the event that a later appeal resulted in a finding that the dismissal of the first two defendants was incorrect, the supreme court held that La.Code Civ.P. art. 1915(A)(1) and (5) were inapplicable to workers' compensation suits.

In *Evergreen Presbyterian Minist. v. Wallace*, 05-1343 (La.App. 3 Cir. 4/5/06), 926 So.2d 759, this court ordered the dismissal of appeals filed by both

2

sides. The rulings at issue in that appeal were that the claimant was entitled to supplemental earnings benefits, but that the claimant was not temporarily and totally disabled nor totally and permanently disabled, as well as other rulings deciding other issues in the case. This court stated therein:

> The law is clear, and we are bound to follow the supreme court's dictates, that a piecemeal appeal is not permissible in a workers' compensation case. The judgment of the Office of Workers' Compensation clearly establishes that issue of penalties and attorney fees is yet to be decided by it. As the second circuit noted in *Gajeske v. Integrated Electrical Services, Inc.*, 37,777 (La.App. 2 Cir. 10/29/03), 859 So.2d 896, in footnote four (*citing Rhodes*, 817 So.2d 64), a piecemeal appeal is not permissible when there are still issues involving penalties and attorney fees yet to determined. Until all issues have been decided in this case, this appeal is premature.

*Evergreen Presbyterian Minist.*, 926 So.2d at 763.

Neither Appellants' brief in response to this court's rule discusses the Louisiana Supreme Court's holding in *Rhodes*, 817 So.2d 64. Instead, the Defendant-Appellant argues that the ruling at issue should be immediately appealable because the judgment will be enforced immediately and at considerable cost to the Defendant. The Plaintiff-Appellant appears to concede that the judgment is not a final judgment.

Both of the Appellants clearly indicate that there are issues remaining outside the scope of this appeal, including the issue of the Plaintiff's right to future benefits. Accordingly, we hereby dismiss the instant appeal as being taken from a non-appealable, interlocutory judgment. La.Code Civ.P. art. 1841. We further order that the costs of this appeal are to be assessed by the workers' compensation court. In addition, the Appellants are hereby permitted to file proper applications for writs in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than _____ [specific date to be added when date of opinion's dissemination is known and which date is to be thirty days from date of issuance of this opinion].

3

The Appellants are not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4–3, as we hereby construe the motions for appeal as timely filed notices of intent to seek supervisory writs and have set the return date for the writs in this opinion.

**APPEAL DISMISSED. APPELLANTS ARE PERMITTED TO FILE APPLICATIONS FOR SUPERVISORY WRITS.**