NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 13-1373


KENIA LORENZO

VERSUS

THE CAJUN CO.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 07-08745
ADAM C. JOHNSON, WORKERS COMPENSATION JUDGE

**********

SHANNON G. GREMILLION

JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Shannon G. Gremillion, Judges.

Cooks, J., dissents and assigns written reasons.

APPEAL DISMISSED.


James D'Arensbourg Hollier
Laborde & Neuner
Post Office Drawer 52828
Lafayette, LA 70505-2828
(337) 237-7000
COUNSEL FOR DEFENDANT/APPELLEE:
      The Cajun Co.

**Kenia Lorenzo**
**In Proper Person**
**1551 London Cross**
**Harvey, LA 70058**
**(504) 957-1455**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
   **Kenia Lorenzo**

**GREMILLION, Judge.**

This court issued a rule for plaintiff-appellant, Kenia Lorenzo, to show cause, by brief only, why her appeal should not be dismissed as taken from a non-appealable judgment. For the following reasons, we dismiss the appeal.

This is a workers' compensation case. In November of 2007, Lorenzo filed a disputed claim for compensation, alleging that she injured her back while insulating a pipe rack. Originally, Lorenzo was represented by an attorney who later withdrew; another attorney enrolled, but also withdrew. The record indicates that the trial date has been continued numerous times in this matter. Eventually, in October of 2012, Lorenzo's former employer moved for summary judgment. The Office of Workers' Compensation (OWC) judge held the hearing on the motion, after which it issued "a partial final judgment pursuant to Louisiana Code of Civil Procedure Articles and 966 and 1915." The judgment states that Lorenzo "was served with the Rule to Show Cause on October 27, 2012, but failed to appear at the hearing or oppose" the employer's motion.

In response to this court's rule, Lorenzo, pro se, asserts that she would like this court to consider her appeal because she had no notice of the OWC hearing and could not oppose the employer's summary judgment motion.

Appeals from partial final judgments pursuant to La.Code Civ.P. art. 1915 are not applicable in workers' compensation cases. *See Rhodes v. Lewis,* 01–1989 (La. 5/14/02), 817 So.2d 64. Louisiana Code of Civil Procedure Article 1915 "has been held to be inapplicable to workers' compensation cases." *Poché v. Huey P. Long Med. Ctr.*, 08-311, p. 1 (La.App. 3 Cir. 5/21/08), 983 So.2d 986, 987. Where an issue of penalties and attorney fees was left to be decided in a workers' compensation case, this court dismissed the appeal and stated: "[t]he law is clear,

and we are bound to follow the supreme court's dictates, that a piecemeal appeal is not permissible in a workers' compensation case. . . . Until all issues have been decided in this case, this appeal is premature." *Evergreen Presbyterian Ministries v. Wallace*, 05-1343, p. 7 (La.App. 3 Cir. 4/5/06), 926 So.2d 759, 763.

This is a workers' compensation case. The trial court's judgment, by its own terms, indicates that it is a partial judgment. Therefore, it is not an appealable judgment. We note that Lorenzo's arguments to this court, regarding notice, go to the merits of the judgment, i.e., that the judgment is null because of insufficient notice. Because this appeal is premature, this court does not reach the issue of nullity at this time.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.

**STATE OF LOUISIANA**

**COURT OF APPEAL, THIRD CIRCUIT**

**WCA 13-1373**

**KENIA LORENZO**

**VERSUS**

**THE CAJUN CO.**

      **Cooks, J., Dissents.** I find that the trial court's judgment, which dismissed Lorenzo's claim for benefits, is a final judgment on that issue. Therefore, Lorenzo should be allowed to proceed by appeal or by supervisory writs. Accordingly, I respectfully dissent.